UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT SWANSON,<br><br>Defendant. | Case No. 09-cr-00650-SI-1<br><br>Related Case Nos. 09-cr-00651 SI; 09-cr-00652 SI, 09-cr-00475 SI, 96-cr-00362 SI<br><br>**ORDER GRANTING JOINT MOTION TO ALTER JUDGMENT**<br><br>Re: Dkt. No. 7 |

The parties have filed a joint motion to amend the judgment in three supervised release cases to correct a clerical error. For the reasons set forth below, the Court GRANTS the motion and directs the Clerk to issue amended judgments in CR 09-650 SI, CR 09-651 SI, and CR 09-652 SI.

Defendant Robert Swanson was charged in case number CR 09-475 SI with bank robbery and pleaded guilty to that offense. Simultaneously, he was charged in four other cases (CR 96-362 SI, CR 09-650 SI, CR 09-651 SI, and CR 09-652 SI) with violating his supervised release by committing the bank robbery charged in CR 09-475 SI. On September 25, 2010, this Court sentenced Mr. Swanson to 170 months in case CR 09-475 SI. The parties agree that the Court orally sentenced Mr. Swanson individually in each of the supervised release cases to 24 months, the sentences to run consecutively to each other for a total of 96 months, and that this 96 month sentence was to run concurrently with the sentence imposed in CR 09-475 SI.

Unfortunately, the final judgment contained a clerical error in that it transposed the terms "consecutively" and "concurrently." As the judgment currently reads, the 24 month terms imposed in case numbers CR 09-650 SI, CR 09-651 SI, and CR 09-652 SI "shall run concurrently as to each other for a total term of incarceration of 96 months. The terms imposed in these cases shall also run consecutive to the sentence imposed in CR 09-475 SI."

On January 12, 2010, the parties filed a joint motion to correct the judgment issued in the four supervised release cases. An amended judgment was only filed in one case, CR 96-362 SI. The amended judgment in that case, issued on May 28, 2010, states,

> A term of 24 months imprisonment is imposed as to CR-96-362, CR-09-650, CR-09-651, CR-09-652. These terms shall run consecutive as to each case for a total term of incarceration of 96 months. The terms imposed in these cases shall also run concurrently to the sentence imposed in CR-09-0475 SI.

Dkt. No. 38 in CR 96-362 SI. However, the error remains in CR 09-650 SI, CR 09-651 SI, and CR 09-652 SI.

An error in the judgment which contradicts the oral pronouncement at sentencing can be corrected at any time under Fed. R. Crim. P. 36, which states that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." "In cases where there is a direct conflict between an unambiguous oral pronouncement of sentence and the written judgment and commitment, . . . the oral pronouncement, as correctly reported, must control. The only sentence that is legally cognizable is the actual oral pronouncement in the presence of the defendant." *United States v. Allen*, 157 F.3d 661, 668 (9th Cir. 1998). "A change made under Fed. R. Crim. P. 36 can do no more than conform the sentence to the term which the record indicates was intended." *United States v. Kaye*, 739 F.2d 488, 490 (9th Cir. 1984).

The Court finds it is appropriate to correct this clerical error to conform the judgments to the oral pronouncement. The Clerk shall issue an amended judgment in CR 09-650 SI, CR 09-651 SI, and CR 09-652 SI that replaces the portion with the error with this new language:

> A term of 24 months imprisonment is imposed as to CR-96-362, CR-09-650, CR-09-651, CR-09-652. These terms shall run consecutive as to each case for a total term of incarceration of 96 months. The terms imposed in these cases shall also run concurrently to the sentence imposed in CR-09-0475 SI for a total sentence of 170 months.

**IT IS SO ORDERED**.

Dated: March 17, 2021

SUSAN ILLSTON
United States District Judge

2